IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**DELARICK HUNTER,**

                  **Petitioner,**

        **v.**                              CASE NO. 07-3142-SAC

**DAVID R. MCKUNE, et al.,**

                  **Respondents.**

## O R D E R

    Petitioner proceeds pro se and in forma pauperis on a petition for habeas corpus under 28 U.S.C. § 2254. Before the court is petitioner's motion for his release on his own recognizance pending the resolution of this action. Petitioner maintains his current confinement is pursuant to an illegal sentence, and argues he should be released to prevent further unlawful confinement which is being prolonged by the extensions of time granted to respondents for filing an Answer and Return.

    A federal district court has inherent power to release or "enlarge" a state prisoner on bond, pending a hearing and a decision on a petition for habeas corpus. Pfaff v. Wells, 648 F.2d 689, 692 (10th Cir. 1981). To grant such relief, however, a habeas inmate must show exceptional circumstances and demonstrate a clear case on the merits of the habeas petition. Id. at 693; Johnson v. Nelson, 877 F.Supp. 569, 570 (D.Kan. 1995).

    In the present case, the court finds petitioner has demonstrated neither a likelihood nor a high probability of success on substantial claims of constitutional deprivation. The court further finds no showing of exceptional, special, or extraordinary

circumstances that require petitioner's release from custody. Accordingly, petitioner's motion for release on his own recognizance is denied, and his request for an evidentiary hearing on this motion is now moot.

IT IS THEREFORE ORDERED that petitioner's motion for release on recognizance (Doc. 13) is denied.

**IT IS SO ORDERED.**

DATED:  This 7th day of August 2007 at Topeka, Kansas.


 s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge