```
         IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF KANSAS
```

**DELARICK HUNTER,**

                        **Petitioner,**

        **v.**                                    CASE NO. 07-3142-SAC

**DAVID R. MCKUNE, et al.,**

                        **Respondents.**

<u>**MEMORANDUM AND ORDER**</u>

Petitioner proceeds pro se and in forma pauperis on a petition, as later supplemented, for a writ of habeas corpus under 28 U.S.C. § 2254. Before the court is respondents' motion to dismiss the petition based on petitioner's failure to exhaust state court remedies on his claims. Having reviewed the record, the court grants respondents' motion.

Petitioner alleges constitutional error in his conviction in Wyandotte County District Court on two counts of battery against a law enforcement officer (Case No. 04-CR-795), for which petitioner was sentenced on May 19, 2005, to a prison term of 152 months. Petitioner conducted his defense and sentencing pro se, with standby counsel appointed. On May 23, 2005, petitioner filed a pro se notice of appeal, and approximately six weeks later filed a motion for appointment of appellate counsel.[1] The state appellate defender

---

[1] On September 15, 2005, petitioner filed a motion under K.S.A. 22-3504 to correct an illegal sentence in Case No. 04-CR-795. The district court dismissed that motion on February 1, 2006, pending resolution of petitioner's notice of appeal. Petitioner filed a petition for a writ of mandamus in the Kansas supreme court on July 10, 2006, to require a decision on his 22-3504 motion. The Kansas

office, appointed on February 2, 2006, subsequently withdrew due to a conflict of interest. The district court appointed replacement appellate counsel (Dan Cahill) on June 12, 2006. In response to petitioner's inquiry, the Kansas appellate courts informed petitioner in a letter dated August 24, 2006, that no appeal had been docketed concerning Wyandotte District Court Case 04-CR-795. (Doc. 20, Exhibit C.)

On January 18, 2007, petitioner filed a motion in Wyandotte District Court Case No. 04-CR-795, asking that court to order Cahill to docket petitioner's appeal out of time and to file an appellate brief. (Doc. 20, Exhibit E.) There is no indication in the record as to whether the state district court ruled on that motion. *But see* Kansas Supreme Court Rule 5.02 ("An application for an extension of time for the performance of any act required by any person by these rules *shall be addressed only to the clerk of the appellate courts*." (emphasis added)).

Thereafter, it appears petitioner filed a disciplinary complaint against Cahill. A letter to petitioner dated March 27, 2007, stated that there was no evidence that Cahill was intentionally ignoring petitioner, and that petitioner's disciplinary complaint was being dismissed. (Doc. 20, Exhibit D.)

Meanwhile on May 24, 2007, petitioner filed the instant action, seeking federal habeas review under 28 U.S.C. § 2254, arguing his

---

Supreme Court summarily denied the petition on September 20, 2006.
   Petitioner then filed a mandamus petition in the District of Kansas on February 14, 2007, asking the federal court to overrule the Kansas Supreme Court's denial of mandamus relief. <u>Hunter v. Kansas Supreme Court</u>, Case No. 07-3037. The federal court denied that petition on June 12, 2007, stating it had no mandamus authority over state authorities.

exhaustion of state court remedies should be excused due to inordinate delay in the processing of his direct appeal. Respondents filed a motion to dismiss the petition, citing petitioner's state court appeal which has not yet been docketed, and the likelihood that the state appellate courts would favorably entertain a motion to docket petitioner's appeal out of time under the circumstances. However, from petitioner's subsequent filings in this court,[2] and the absence of any such appeal on the Kansas judicial website,[3] it appears petitioner's direct appeal from his conviction in Case No. 04-CR-795 still has not been docketed.

A writ of habeas corpus under 28 U.S.C. § 2254 "shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State," 28 U.S.C. § 2254(b)(1)(A), or that state corrective process is unavailable or ineffective under the circumstances to protect the applicant's federal rights, see 28 U.S.C. § 2254(b)(1)(B)(i)-(ii). The Tenth Circuit Court of Appeals has held that a delay of more than two years in adjudicating a direct criminal appeal "creates a presumption that the state appellate process in ineffective." Carpenter v. Young, 50 F.3d 869, 870 (10th Cir. 1995); Harris v. Champion, 48 F.3d 1127, 1132 (10th Cir. 1995). Both cited cases,

---

[2]See Hunter v. State of Kansas, Case No. 08-3075-SAC, a civil complaint filed under 42 U.S.C. § 1983 on March 10, 2008, seeking declaratory, injunctive, and monetary relief on allegations that the State of Kansas, the state district court judge in Wyandotte District Court Case No. 04-CR-795, and the State Board of Indigent Services are conspiring to deny petitioner appellate review of that conviction.

[3]The website for the Kansas Judicial Branch is at http://www.kscourts.org/, which provides a "Case Inquiry System for the Kansas Appellate Courts."

however, address delay in the adjudication of docketed appeals that were properly before the appellate courts.

In the present case, the record provides little explanation as to why petitioner's notice of appeal has yet to be docketed in the state appellate courts.  Although the normal time for docketing that appeal has long passed, respondents contend a motion to the Kansas Court of Appeals for leave to docket the appeal the appeal out of time remains a viable option under Kansas law and the apparent inaction of petitioner's appellate attorney.  *See* Sanders v. City of Kansas City, 18 Kan.App.2d 688, 691 (1993)(motion for leave to docket appeal out of time is to be filed in the appellate courts). *See also* State v. Ortiz, 230 Kan. 733, 735-36 (1982)(recognizing limited exception to statutory requirements for timely appeal in cases where the defendant either (1) was not informed of the right to appeal; (2) was not provided an attorney to perfect the appeal; or (3) was provided an attorney who failed to perfect and complete an appeal; State v. Phinney, 280 Kan. 394, 401-02 (2005)(if narrow exceptional circumstances in Ortiz are met, a defendant must be allowed to file appeal out of time).  Petitioner does not dispute this contention, but there is nothing in the record to indicate petitioner or his appointed appellate counsel has yet filed such a motion in the Kansas Court of Appeals.[4]

Accordingly, notwithstanding the amount of time that has elapsed since petitioner filed his pro se notice of appeal in the Wyandotte County District Court, petitioner has not demonstrated

---

[4] Nor is there any indication that petitioner has asked the Wyandotte District Court for appointment of different appellate counsel for the purpose of advancing petitioner's appeal.

that the state appellate courts are unavailable or ineffective under the circumstances to first address his claims.  *See* 28 U.S.C.A. § 2254(c) ("An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of [§ 2254], if he has the right under the law of the State to raise, by any available procedure, the question presented.").  Under principles of comity between the federal and state courts, dismissal of the petition without prejudice is thus warranted to allow petitioner to fully exhaust state court remedies on his claims.  *See* O'Sullivan v. Boerckel, 526 U.S. 838  (1999)(comity requires that every claim presented for habeas review under § 2254 have been presented to one complete round of the procedure established by the state for review of alleged constitutional error).

IT IS THEREFORE ORDERED that respondents' motion to dismiss (Doc. 19) is granted, and the petition is dismissed without prejudice.

IT IS FURTHER ORDERED that petitioner's motion for an evidentiary hearing (Doc. 21), and request for respondents to produce state court records (Doc. 22), are denied.

**IT IS SO ORDERED.**

DATED:  This 10th day of June 2008 at Topeka, Kansas.


  s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge